(Reap. Dec. 10981)

F. S. WHELAN & SONS v. UNITED STATES

Entry No. 12860, etc.

(Decided May 13, 1965)

*Barnes, Richardson & Colburn* for the plaintiff.
*John W. Douglas*, Assistant Attorney General, for the defendant.

NICHOLS, Judge: The appeals for reappraisement listed in schedule "A," attached hereto and made a part hereof, are before me on the following stipulation of counsel for the respective parties:

IT IS HEREBY STIPULATED AND AGREED by and between the attorneys for the parties hereto, subject to approval by the court:

That the merchandise covered by the appeals for reappraisement listed in Schedule A, attached hereto and made a part hereof, consisted of hardboard imported from Canada.

That at the time of exportation of said hardboard such or similar merchandise was not freely offered for sale or sold for home consumption in Canada or for exportation to the United States; and was likewise not freely offered for sale or sold in the United States; that at the time of exportation of said hardboard the sum of the following, (1) The cost of materials of, and of fabrication, manipulation, or other process employed in manufacturing or producing such or similar merchandise, at a time preceding the date of exportation of the particular merchandise under consideration which would ordinarily permit the manufacture or production of the particular merchandise under consideration in the usual course of business; (2) The usual general expenses in the case of such or similar merchandise; (3) The cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the particular merchandise under consideration in condition, packed ready for shipment to the United States; and (4) An addition for profit (not less than 8 per centum of the sum of the amounts found under clauses (1) and (2) just recited) equal to the profit which ordinarily is added, in the case of merchandise of the same general character as the particular merchandise under consideration, by manufacturers or producers in the country of manufacture or production who are engaged in the production or manufacture of merchandise of the same class or kind, was the invoice unit value, net, packed.

That the instant appeals are submitted for decision on this stipulation.

On the agreed facts, I find and hold that cost of production, as that value is defined in section 402a(f) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, 70 Stat. 943, is the proper basis for the determination of the value of the merchandise involved herein and that said value is represented by the invoice unit values, net, packed.

Judgment will be rendered accordingly.